Prob 12
(Mod for E.VA 01/05)

# UNITED STATES DISTRICT COURT
## for
### EASTERN DISTRICT OF VIRGINIA

FILED
NOV 7 2005
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

U.S.A. vs. Walter King                Docket No. 1:94CR00209-001

### Petition on Supervised Release

COMES NOW Kelly M. Bunce, PROBATION OFFICER ASSISTANT OF THE COURT, presenting an official report upon the conduct and attitude of Walter King, who was placed on supervision by the Honorable Leonie M. Brinkema sitting in the Court at Alexandria, Virginia, on the 22nd day of July, 1994, who fixed the period of supervision at 3 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall undergo drug testing and treatment at the direction and discretion of the probation office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Bond recommendation:** No bond.

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this 7th day of November, 2005 and ordered filed and made a part of the records in the above case.<br><br>_____<br>Leonie M. Brinkema<br>United States District Judge | Executed on 11-04-05<br><br>_____<br>U.S. Probation Officer Assistant<br><br>Place Alexandria, Virginia |

**TO CLERK'S OFFICE**

C/S                                                                14

Petition on Supervised Release
Page 2
RE: KING, Walter

OFFENSE: Prisoner Possession of Cocaine (Schedule II), in violation of Title 18, U.S.C., Section 13, assimilating Section 53.1-203(5), Code of Virginia, 1950, as amended.

SENTENCE: Thirty-three months imprisonment, consecutive to any other sentence imposed, 3 years supervised release, special conditions as listed on Page 1, and a $50 special assessment fee.

ADJUSTMENT TO SUPERVISION: The defendant's adjustment to supervision has been poor.

On October 15, 2004, Mr. King was released from incarceration to begin his term of supervised release. The defendant resides with his mother in Washington, D.C., and is therefore supervised by the U.S. Probation Office for the District of Columbia. Mr. King is also under the supervision of the Court Services and Offender Supervision Agency (CSOSA) for the District of Columbia.

On February 10, 2005, a Violation Report with No Court Action Recommended was submitted to Your Honor advising that on January 23, 2005, the defendant was arrested by the Washington, D.C., Metropolitan Police Department for Unauthorized Use of a Motor Vehicle. The charge was no papered on January 24, 2005. Your Honor approved the request for no action on February 15, 2005.

On October 12, 2005, correspondence was received from Senior U.S. Probation Officer Shawn A. Suber, District of Columbia, reflecting that the defendant's adjustment to supervision has been poor. In his letter, Officer Suber provided the following information:

On July 23, 2005, the defendant quit his job at Super Fresh and has been unemployed since that time.

On August 19, 2005, Officer Suber collected a urine specimen from the defendant which tested positive for opiates. The results were confirmed via Gas Chromatography/Mass Spectrometry testing on August 24, 2005.

On August 19, 2005, the defendant admitted to Officer Suber that he had used heroin and advised Officer Suber that his CSOSA officer was placing him in outpatient drug treatment due to previous positive drug tests.

On August 31, 2005, Mr. King began outpatient drug treatment at the Next Step treatment program.

On September 21, 2005, the defendant's CSOSA officer advised Officer Suber that the defendant was continuing to use drugs while in outpatient drug treatment. Therefore, on September 22, 2005, Officer Suber instructed the

Petition on Supervised Release
Page 3
RE: KING, Walter

defendant to enter the Gospel Rescue Ministry for long-term residential treatment. When Mr. King reported to the Gospel Rescue Ministry, he was instructed to first report to detoxification due to recent drug use. Mr. King was admitted to the D.C. Detoxification Center on September 23, 2005. However, on September 27, 2005, Mr. King left the detoxification center without being discharged.

On September 28, 2005, Mr. King was unsuccessfully discharged from the Next Step program due to continued drug use.

On October 5, 2005, CSOSA conducted a sanction hearing and the defendant was ordered to enter a detoxification program and serve 90 days in a halfway house.

During an office visit with Officer Suber on October 6, 2005, the defendant admitted to injecting heroin on October 3, 2005. At that time, a three-way conference was held between the defendant, Officer Suber, and Supervising U.S. Probation Officer Ervin D. Bell.

On October 19, 2005, this officer conducted a criminal record check and discovered that the defendant had been arrested on October 18, 2005, in Washington, D.C., and charged with UCSA Possession of Suboxone Opiate and Possession of Drug Paraphernalia. This officer contacted Officer Suber, who advised that he had just learned of the defendant's arrest and was attempting to obtain the police report.

On October 31, 2005, this office received correspondence from Officer Suber advising of the following:

On October 18, 2005, the defendant was arrested by the Washington, D.C., Metropolitan Police Department (MPD) and charged with Possession of Suboxone Opiate, Docket Number M11030-05-A, and Possession of Drug Paraphernalia, M11030-05-B. According to the MPD incident report, Officers Pappas and Wymbs observed the defendant attempting to urinate in public. The officers stopped the defendant and patted him down, at which time Officer Wymbs felt what he believed to be a syringe. The defendant was instructed to remove the object, at which time he pulled out an empty syringe. The defendant was placed under arrest for Possession of Drug Paraphernalia. The officers then instructed the defendant to remove all items from his pockets. The defendant reached into his pocket, pulled out what appeared to be a clear zip baggie containing a yellow substance, and immediately swallowed the baggie. The defendant denied the baggie contained narcotics and refused a medical examination. Two pills, later identified as Suboxone, a Schedule III Opiod, were found in the defendant's left jacket pocket. The defendant did not have a prescription for the pills. The defendant was charged with UCSA Possession of Suboxone.

Petition on Supervised Release
Page 4
RE: KING, Walter

Both charges were no papered in the District of Columbia Superior Court on October 19, 2005.

On October 19, 2005, the defendant submitted a urine specimen at D.C. Pretrial Services that tested positive for opiates.

On October 19, 2005, the defendant advised Officer Suber of the above-mentioned arrest and denied possessing any illegal drugs or drug paraphernalia.

The defendant is awaiting placement into a detoxification program and halfway house.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:** COMMISSION OF A CRIME - POSSESSION OF SUBOXONE OPIATE AND POSSESSION OF DRUG PARAPHERNALIA.

On October 18, 2005, the defendant was arrested by the Washington, D.C., Metropolitan Police Department (MPD) and charged with Possession of Suboxone Opiate, Docket Number M11030-05-A, and Possession of Drug Paraphernalia, M11030-05-B. Both charges were no papered in the District of Columbia Superior Court on October 19, 2005.

**MANDATORY CONDITION:** POSSESSION OF A CONTROLLED SUBSTANCE.

On October 18, 2005, the defendant was arrested by the Washington, D.C., Metropolitan Police Department (MPD) and found in possession of two Suboxone pills, a Schedule III Opiod. The defendant did not have a prescription for the pills.

**SPECIAL CONDITION:** FAILURE TO SATISFACTORILY PARTICIPATE IN A DRUG TREATMENT PROGRAM.

On August 31, 2005, the defendant began outpatient drug treatment at the Next Step treatment program in Washington, D.C. On September 21, 2005, the defendant's CSOSA officer advised Officer Suber that the defendant was continuing to use drugs while in outpatient drug treatment. Therefore, on September 22, 2005, Officer Suber instructed the defendant to enter the Gospel Rescue Ministry for long-term residential treatment. When Mr. King reported to the Gospel Rescue Ministry, he was instructed to report to detoxification due to recent drug use. On September 23, 2005, Mr. King was admitted to the D.C. Detoxification Center. However, on September 27, 2005, Mr. King left the detoxification center without being discharged. On September 28, 2005, Mr. King was unsuccessfully discharged from the Next Step program due to continued drug use.

Petition on Supervised Release
Page 5
RE: KING, Walter

CONDITION 5:                 FAILURE TO WORK REGULARLY.

On July 23, 2005, the defendant quit his job at Super Fresh and has been unemployed since that time.

CONDITION 7:                 USE OF OPIATES.

On August 19, 2005, Officer Suber collected a urine specimen from the defendant which tested positive for opiates. The results were confirmed via Gas Chromatography/Mass Spectrometry testing on August 24, 2005. The defendant admitted to Officer Suber that he had injected himself with heroin.

On October 6, 2005, the defendant admitted to Officer Suber that he had injected himself with heroin on October 3, 2005.

KMB/
KH